UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WELLS FARGO BANK, N.A.,

                                        Plaintiff,

v.

STATE FARM FIRE AND
CASULTY COMPANY,

                                        Defendant.


**REPORT AND
RECOMMENDATION**

19-CV-0008-LJV-JJM

_____

        Before the court is the motion by defendant State Farm Fire and Casualty

Company ("State Farm") for judgment on the pleadings pursuant to Fed. R. Civ. P. ("Rule")

12(c). [4][1]. Having reviewed the parties' submissions [4, 5, 6, 12, 13, 15], for the following

reasons I recommend that the motion be granted.


## BACKGROUND


        Plaintiff Wells Fargo Bank N.A. ("Wells Fargo") commenced this action seeking

declaratory judgment that it is a covered insured under a homeowner's policy issued by State

Farm. Complaint [1-3], ¶¶8-9. State Farm argues that Wells Fargo has no insurable interest in the

premises because it assigned the mortgage to U.S. Bank. State Farm's Memorandum of Law [5],

p. 8.

        The facts are largely undisputed. State Farm issued a homeowner's insurance

policy [No. 32-B1-F329-7] to Lacie Mockus for the premises located at 6375 Centralia Hartfield

---

[1]        Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to the documents themselves rather than to CM/ECF pagination.

Road, Mayville, New York. Complaint [1-3], ¶8.  Wells Fargo was listed as the mortgagee on the

policy. Id., ¶9. In 2011, Wells Fargo assigned the mortgage, including "all its right, title, and all

beneficial interest", to U.S. Bank. Welch Declaration [6-7], p. 2 of 3 CM/ECF. Wells Fargo

continued to act as a servicing agent for U.S. Bank. Affidavit of Merit and Amounts Due and

Owing [13-3], ¶1. Although Wells Fargo no longer retained an interest in the premises, it

remained named as the mortgagee on the policy.

Ms. Mockus defaulted on the mortgage as of May 1, 2016. Id., ¶4. On October 16,

2016, a fire occurred causing damage to the premises. Complaint [1-3], ¶10. In April 2017, Wells

Fargo, as servicing agent, commenced a foreclosure action in which U.S. Bank was the named

plaintiff. Affidavit of Merit and Amounts Due and Owing [13-3]. A judgment of foreclosure was

entered on October 25, 2017 in favor of U.S. Bank. Judgment of Foreclosure [6-9], p. 4 of 11

CM/ECF.  Although the judgment provided that a deficiency judgment could be pursued against

Ms. Mockus[2] (id., p. 8 of 11 CM/ECF), U.S. Bank never filed for a deficiency judgment in

connection with the foreclosure action, and its time to do so has expired. Defendant's

Memorandum [5], p. 6. Instead, on April 16, 2018, the premises was sold to U.S. Bank in a

foreclosure sale for $18,646.28. Referee's Report of Sale [6-10], p. 4 of 9 CM/ECF.

On May 13, 2017, Wells Fargo submitted a claim to State Farm for the damages

caused by the 2016 fire at the premises. Proof of Loss [13-5].  State Farm denied that claim and

this action ensued.

---

[2]    The foreclosure judgment also provided that a deficiency judgment could be pursued against Michael
R. Mockus, who was also named as a defendant in that proceeding. Id., p. 8 of 11 CM/ECF.

**A.     Rule 12 Standard**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant . . . However, a plaintiff's obligation requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Lieberman v. City of Rochester, 2011 WL 13110345, *2 (W.D.N.Y. 2011), aff'd, 558 Fed.Appx. 38 (2d Cir. 2014) (*citing* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In addition, "[a] party may raise an affirmative defense, such as a statute of limitations defense, in a . . . Rule 12(c) motion if the facts supporting the defense, such as the relevant dates, appear on the face of the challenged pleading." Grigoriou v. First Resolution Investment Corp., 2014 WL 1270047, *3 (W.D.N.Y. 2014).

**B.     Does Wells Fargo Have an Insurable Interest in the Premises?**

State Farm argues that Wells Fargo does not have an insurable interest in the premises, and therefore lacks standing to bring this action. "A plaintiff has the burden of proving standing, and must show it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, --- U.S. ---, 136 S.Ct. 1540, 1547 (2016). The "fact of removal does not change plaintiffs' burden as to standing," SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A., 934 F. Supp. 2d 516, 525 (E.D.N.Y. 2013), aff'd, 548 Fed. App'x 741 (2d Cir. 2014).

Wells Fargo has not demonstrated that it has standing to maintain this action as plaintiff. Under New York law, a mortgagee can sue upon its own interest under an insurance policy because it has "an insurable interest in the property encumbered by the mortgage". Citizens Savings & Loan Association of New York v. Proprietors Insurance Company, 78 A.D.2d 377, 379 (2nd Dept. 1981). Here, however, it is undisputed that Wells Fargo assigned the entirety of its interest as mortgagee to U.S. Bank. Thus, Wells Fargo has failed to present any evidence or authority supporting the proposition that it retained an insurable interest in the premises.

Wells Fargo argues that it can bring this lawsuit because it is "the servicer" of the mortgage held by U.S. Bank. Plaintiff's Memorandum [12], p. 6. This argument is not persuasive. Wells Fargo has presented no authority suggesting that an entity that services a mortgage, as opposed to the mortgagee itself, has an insurable interest in the property securing the mortgage being serviced. Thus, when Wells Fargo initiated the foreclosure action relating to the premises, U.S. Bank, and not Wells Fargo, was named as the plaintiff. U.S. Bank is not a named party to this action, nor is it listed as the mortgagee on the policy.

Although U.S. Bank is not mentioned in the complaint, Wells Fargo also suggests that it is bringing this action on behalf of Wells Fargo just as it initiated the foreclosure action. [12], p. 6.  This argument also fails. The complaint does not reflect that Wells Fargo brought this action on behalf of U.S. Bank. In any event, assuming *arguendo* that this action had been commenced on behalf of U.S. Bank, because U.S. Bank did not pursue a deficiency judgment subsequent to the foreclosure it has no right to recover any deficiency. Section 1371(3) of the New York Real Property Actions and Proceedings Law provides that "[i]f no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of

amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any

deficiency in any action or proceeding shall exist".

Several New York Courts have determined that the satisfaction of mortgage debt

deemed under §1371 precludes a mortgagee's ability to pursue recovery under a loss-payable

insurance policy.  In Whitestone Savings & Loan Association v. Allstate Ins. Co., 28 N.Y.2d

332, 336 (1971), the New York State Court of Appeals stated that "it is well settled that full

or partial extinguishment of the debt itself, whether prior to the loss . . . or subsequent to the

loss    . . . precludes to the extent thereof, any recovery by the loss-payable mortgagee for the

plain and sole reason that the debt, itself, has been to that extent extinguished".

As a result of such presumed satisfaction of the mortgage debt, the mortgagee is

generally deemed to lack any insurable interest in the property insured by the defendant. *See*

Moke Realty Corp. v. Whitestone Savings and Loan Association, 82 Misc.2d 396, 397–98 (Sup.

Ct. Nassau Co. 1975), affd. 41 N.Y.2d 954 (1977) ("Section 1371 also provides that if no motion

for a deficiency judgment is made, the proceeds of the sale regardless of amount shall be deemed

to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action

or proceeding shall exist. . . . Satisfaction of the debt, as established by this statute, extinguishes

Whitestone's claim to these insurance proceeds. By failing to move for a deficiency judgment

within the short period of limitation provided by the statute, Whitestone missed its opportunity to

collect on the fire policy").

Finally, Wells Fargo argues that in this action it is seeking to enforce a provision

of the mortgage which assigned the borrower's interest in insurance proceeds to the mortgagee.

Plaintiff's Memorandum [12], p. 10.  In this regard, it relies upon Melino v. National Grange

Mutual Insurance Company, 213 A.D.2d 86 (3rd Dept. 1995). In Melino, the mortgagee

purchased the property at the foreclosure sale for the full amount of the judgment of foreclosure. Id. at 87. Subsequently, the original homeowner commenced an action to recover on a loss-payable policy due to a fire that occurred prior to the foreclosure. Invoking its "broad equitable powers", the court held that notwithstanding the foreclosure sale, the insurance proceeds were payable to the mortgagee because of the assignment contained in the mortgage. Id. at 89.

Melino is not persuasive under the circumstances presented here. First, as asserted by the dissent in Melino (id. at 89-90), the reasoning adopted by the majority appears to directly contravene the reasoning of the Court of Appeals in Whitestone and its progeny, as well as the unambiguous language of §1371. Because the mortgagee purchased the property upon foreclosure sale and did not obtain a deficiency judgment, under the rationale set forth in Whitestone and the language of RPAPL §1371 itself, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist".

The facts of Melino are also distinguishable in that the homeowner in that case instituted a claim for insurance proceeds, and the mortgagee's claim was based upon the assignment of the borrower's (homeowner) rights to such proceeds. 213 A.D.2d at 88. Here, by contrast, Wells Fargo asserts no claim on behalf of U.S. Bank purporting to recover pursuant to an assignment contained in the mortgage. Indeed, the Complaint does not state any claim on behalf of U.S. Bank, but instead contains only a claim by Wells Fargo on its own behalf as mortgagee, seeking to recover as a covered insured under the terms of the policy. [1-3], ¶9.

Since Wells Fargo does not have an insurable interest in the premises, State Farm's motion for judgment on the pleadings should be granted.

**CONCLUSION**

For these reasons, I recommend that State Farm's motion for judgment on the pleadings [4] be granted.  Unless otherwise ordered by District Judge Lawrence J. Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by August 8, 2019. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 22, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge